## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Aventi LLC,<br>          Plaintiff,<br><br>    vs.<br><br>Secure 340B, LLC,<br>          Defendant. | Civil Action No. |

## <u>PLAINTIFF'S COMPLAINT</u>

Plaintiff Aventi LLC d/b/a Aventi Health ("Aventi") files this Complaint for Declaratory Judgment against Defendant Secure340B, LLC under Rule 57 of the Federal Rules of Civil Procedure, 28 U.S.C. §§ 2201-2202, and O.C.G.A. § 9-4-2, to determine and declare the obligations of the parties with respect to Secure340B, LLC's purported tool.

## <u>INTRODUCTION</u>

1.     Aventi brings this declaratory judgment action under 28 U.S.C. § 2201 to address Secure340B, LLC's ("Secure") baseless accusations that Aventi is using a proprietary modeling and evaluation tool owned by Secure ("Tool") without Secure's authorization.

## <u>PARTIES</u>

2.     Aventi is a Delaware limited liability company with its principal office in Wisconsin.

3.      Aventi's members are Eric Fromhart (Maine resident), Jon Zolkoske (Wisconsin resident), Flaviu Simihaian (New York resident), and David Figg (Kentucky resident).

4.      Secure is a Georgia limited liability company with its principal place of business in Atlanta, Georgia.

5.      Secure's members are Amanda Gaddy, a resident of Atlanta, Georgia, and Julie Crozier, a resident of Dallas, Texas.

6.      Secure can be served through Amanda Gaddy, its registered agent, at 245 N. Highland Ave., Suite 230 #802, Atlanta Georgia 30307.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because Aventi and Secure are citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

8.      Venue is proper under 28 U.S.C. § 1391(b)(1), because Secure resides in this judicial district.

9.      This court has personal jurisdiction over Secure through its organization and principal place of business in Georgia.

## FACTS

10.     Secure provides consulting services to pharmacies related to the 340B Drug Pricing Program, which include contract review and negotiation support, operational reviews and improvement work, and ongoing business guidance.

11.     Aventi provides 340B Drug Pricing Program related software solutions to covered entities as their third-party administrator.

12.     The 340B Drug Pricing Program is a federal program that requires drug manufacturers to provide outpatient drugs to covered entities at reduced prices to help covered entities stretch scarce federal resources.

13.     Eric Fromhart and Amanda Gaddy cofounded Secure and each owned a 50% membership interest in Secure.

14.     On June 9, 2021, Fromhart sold his membership interest in Secure to Julie Crozier.

15.     After the sale of his membership interest in Secure, Fromhart began working full-time for Aventi.

16.     On April 18, 2022, Fromhart received a letter from D. Scott Bass, counsel for Secure, about purported claims by Secure and Crozier against and affecting Fromhart and Aventi ("Secure Demand").

17.     A copy of the Secure Demand is attached as Exhibit A.

18.     The Secure Demand claims that Fromhart "has taken a valuable and proprietary modeling and evaluation tool [], which is owned by Secure, with him after he sold his membership interest in Secure" to Crozier. (Ex. A, pp. 3-4)

19.     Secure contends "there was no agreement or permission by Secure for [Fromhart] to take such a valuable application, literally put Aventi's name on it, and continue to use it for Aventi's benefit." (Ex. A, p. 4)

20.     Thus, Secure alleges that Aventi is using its proprietary tool without authorization.

21.     Secure states it is entitled to a licensing fee from Aventi for Aventi's use of Secure's purported proprietary tool. (Ex. A, p. 4)

22.     Secure claims it would have insisted on "a 5-year contract with a quarterly fee beginning at $10,000, and escalating by 8% each successive year in the term, in exchange for a worldwide, non-exclusive, non-transferrable license for unlimited use by no more than three users. . . ." (Ex. A, p. 4)

23.     Thus, Secure values the licensing fee for its purported tool at $234,664.04 over the five-year period.

24.     Even if Secure had a proprietary tool, it is not worth a licensing fee of $234,664.04 over a five-year period.

25.     Aventi denies the accusations in the Secure Demand.

26.     Secure does not own a proprietary modeling and evaluation tool.

4

27.     Aventi does not use a proprietary tool owned by Secure.

28.     Secure is therefore not entitled to a licensing fee from Aventi for any proprietary tool.

29.     Secure does not generate revenue from its purported tool.

30.     Aventi does not generate revenue from its alleged use of Secure's tool.

31.     The facts alleged show that a substantial and concrete controversy exists between exists between Aventi and Secure, parties having adverse legal interests, over whether Secure owns a proprietary tool and whether Aventi uses a proprietary tool owned by Secure without Secure's authorization, and must therefore pay Secure a licensing fee.

32.     Secure demands a licensing fee for Aventi's alleged ongoing use of its purported proprietary tool, thus, this controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNT 1 – DECLARATORY JUDGMENT

33.     Aventi re-alleges and incorporates by reference the allegations of Paragraphs 1 through 32 above as though fully set forth herein.

34.     There is now a real and substantial controversy between Aventi and Secure, having adverse legal interests of sufficient immediacy and reality, to warrant the issuance of a declaratory judgment regarding Secure's demand for a licensing fee from Aventi for Aventi's alleged use of Secure's purported proprietary tool.

35.     This matter is ripe for declaratory judgment, and a prompt adjudication of the parties' rights and obligations regarding Aventi's alleged use of Secure's purported proprietary tool would be of practical utility to the parties.

36.     Secure contends that it owns "a valuable and proprietary modeling and evaluation tool." (Ex. A, pp. 3-4)

37.     The Secure Demand claims that Fromhart took Secure's proprietary tool with him to Aventi after he sold his membership interest in Secure to Crozier. (Ex. A, pp. 3-4)

38.     Secure alleges that "there was no agreement or permission by Secure for [Fromhart] to take such a valuable application, literally put Aventi's name on it, and continue to use it for Aventi's benefit." (Ex. A, p. 4)

39.     Thus, Secure alleges that Aventi is using its proprietary tool without authorization.

40.     Secure demands a licensing fee for Aventi's use of Secure's purported proprietary tool.

41.     Secure asserts that it would have insisted on "a 5-year contract with a quarterly fee beginning at $10,000, and escalating by 8% each successive year in the term, in exchange for a worldwide, non-exclusive, non-transferrable license for unlimited use by no more than three users…". (Ex. A, p. 7)

42.     Fromhart took no proprietary tool from Secure to Aventi after he sold his membership interest in Secure.

43.     Secure owns no proprietary modeling and evaluation tool.

44.     Aventi owes no licensing fee or other compensation to Secure for the use of any proprietary tool.

45.     A substantial justiciable controversary therefore exists about Aventi's obligations regarding Secure's purported proprietary tool.

46.     Aventi is entitled to a judgment declaring that:

(a)  Secure does not own a proprietary modeling and evaluation tool or application;

(b) Aventi uses no proprietary modeling and evaluation tool owned by Secure; and

(c) Aventi does not owe Secure a licensing fee for the use of any tool.

## **JURY DEMAND**

Aventi demands a trial of all issues by jury.

WHEREFORE, Aventi prays for the following relief:

a.      A declaratory judgment that Aventi does not owe Secure a licensing fee or other compensation for the use of any tool;

b.      Expenses, costs, and attorneys' fees; and

c.      Such other and further relief as the Court deems just and proper.

Dated this 13th day of June, 2022.

Respectfully submitted,

By: */s/ S. Wade Malone*
S. Wade Malone
Georgia Bar No. 468015
Lucas A. Westby
Georgia Bar No. 594008
W. Carroll B. Hart
Georgia Bar No. 987718
NELSON MULLINS RILEY &
SCARBOROUGH LLP
Atlantic Station / 201 17th Street, NW /
Suite 1700
Atlanta, GA 30363
(404) 322-6000 (phone)
(404) 322-6050 (facsimile)
E-Mail: wade.malone@nelsonmullins.com
E-Mail: lucas.westby@nelsonmullins.com
E-Mail: carroll.hart@nelsonmullins.com